In re Walter PRENTICE.

Ancillary to Ernesto BAUTISTA

v.

STATE of Texas.

Nos. 13–92–00149–CR through
13–92–157–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 7, 1993.

Guadalupe Olvera, III, Brownsville, Walter C. Prentice, Austin, for appellant.

Luis V. Saenz, John A. Olson, Brownsville, for appellee.

## SHOW CAUSE ORDER

PER CURIAM.

On November 23, 1992, the Honorable Walter Prentice personally appeared before this Court to explain why no appellate brief had been filed on behalf of his client, Ernesto Bautista, a criminal defendant whose appeals are presently pending in this Court. The Court considered Prentice's explanation and ordered him, in open court and by written order delivered on him by certified mail, to file an appellate brief on behalf of his client by December 18, 1992. As of this date, Prentice has not filed a brief as ordered, requested any extensions, or contacted this Court.

It appears from these facts that the Honorable Walter Prentice has not complied with this Court's order of November 23, 1992. Accordingly, the Honorable Walter Prentice is hereby ordered to appear in the courtroom of this Court, on the tenth floor of the Nueces County Courthouse, Corpus Christi, Texas, on Thursday, January 21, 1993, at 9:00 a.m., to show cause why he should not be held in contempt of court and punished for his failure to comply with this Court's order of November 23, 1992, to file an appellate brief on behalf of his client.

Some of the events leading up to this Court's order of November 23, 1992, were explained in a previous order issued in this matter. That order (dated November 6, 1992) read as follows:

Ernesto Bautista was convicted for violating sections of the Texas Insurance Code. Appellant gave pro se notice of appeal and claimed he was indigent. Thereafter, the trial court determined that Bautista was not indigent.

On April 17, 1992, the Honorable Walter Prentice filed a motion for extension of time to file the statement of facts. We granted appellant's motion and listed Walter Prentice as counsel of record. Thereafter, appellant, through the Honorable Walter Prentice, requested and was granted an additional extension of time to file the statement of facts.

The statement of facts was filed, however, no appellate brief was filed on behalf of the appellant within the time provided for by Tex.R.App.P. 74(k). Accordingly, the Clerk of this Court notified the Honorable Walter Prentice that the appeal would be abated to the trial court, for a hearing to determine the status of the appeal, if Prentice did not request an extension of time for filing the brief within ten days. Prentice did not respond to this notice.

We abated the appeal on August 31, 1992, for the above-described hearing. On October 1, 1992, the trial court informed this Court that on September 29, 1992, the court had attempted to conduct a hearing in compliance with our order of August 31. The Honorable Walter Prentice failed to appear for the hearing. The Court found that Prentice's absence was not due to a failure to receive adequate notice of the hearing. He further found that attempts to contact Prentice by telephone prior to the hearing were to no avail. The trial court reported that it could not comply with this Court's order and returned the cause to this Court for further action.

Having considered the prior events, we hereby ORDER the HONORABLE WALTER PRENTICE TO APPEAR in the courtroom of this Court, located at 901 Leopard St, 10th floor, Nueces County Courthouse, Corpus Christi, Texas, on November 17, 1992, at 9:00 A.M. to explain why no appellate brief has been filed on appellant's behalf. Should the Honorable Walter Prentice fail to appear in this Court on that date and at that hour, this Court will issue a SHOW CAUSE order, or capias, requiring counsel to appear and explain why he should not be held in contempt of this Court for failing to appear.

The Clerk of this Court is ordered to serve a copy of this order on the Hon. Walter Prentice by certified mail, return receipt requested, with delivery restricted to addressee only, and or give other

personal notice of this order with proof of delivery.

On November 17, 1992, the Court convened to consider Prentice's explanation. Prentice, however, failed to appear as ordered. As a result, this Court issued an order on November 18, 1992, which read as follows:

On November 6, 1992, this Court ordered the Honorable Walter C. Prentice to appear in the courtroom of this Court at 9:00 A.M. on November 17, 1992, to explain why no appellate brief had been filed on behalf of his client, Ernesto Bautista, whose appeals were pending in this Court. This "order to appear" was sent to Prentice both by regular mail and by certified mail. The copy sent by regular mail was not returned to this Court. The copy sent by certified mail was, as evidenced by a return receipt card, signed for by an agent at Prentice's office.

On this, the 17th day of November, 1992, the Court, appearing through a panel consisting of Chief Justice Paul W. Nye, Justice Robert S. Seerden, and Justice J. Bonner Dorsey, convened at 9:00 A.M., but Prentice failed to appear as ordered. Upon the Court's request, the Clerk of the Court called for Prentice at the Courtroom door and in the hallway but received no response. The Court continued its proceedings, noticed its own records, and called upon the Court's Chief Staff Attorney and the Clerk to present the facts of the case. These facts are cataloged in Appendix A.

As the Honorable Walter C. Prentice failed to appear as ordered, the Court ordered the Clerk of this Court:

1) to set the appeals of Ernesto Bautista for submission;

2) to determine whether Prentice's client, Ernesto Bautista, is incarcerated;

3) to locate Prentice's client, Ernesto Bautista, and notify him that his appeals are set for submission and that his retained attorney has not filed a brief on his behalf alleging errors in the court below which would require reversal;

4) to notify the appropriate grievance committee of the State Bar Association of Prentice's conduct in this matter; and

5) to issue a capias directing any peace officer of this State to arrest Prentice and bring him before this Court instanter for failing to appear in the courtroom of this Court on November 17, 1992, as previously ordered.

IT IS THEREFORE ORDERED that the Clerk of this Court comply with all requisites of this order.

Appendix A of our November 18th order read as follows:

Ernesto Bautista was convicted on February 14, 1992, for theft and various violations of the Texas Insurance Code. On March 9, 1992, Bautista filed *pro se* notices of appeal. On March 31, 1992, the trial court determined that appellant Bautista had failed to establish that he was entitled to a court-appointed attorney for his appeal.

On April 16, 1992, the transcript in the above causes were timely filed in this Court. On April 17, 1992, the Honorable Walter C. Prentice filed a motion for extension of time to file the statement of facts. In his motion, Prentice stated that he had been recently retained as counsel on appeal. On an attached affidavit, Prentice stated, "I am the attorney on appeal in the above-styled and numbered causes." This Court granted that motion and extended the time for filing the statement of facts to June 15, 1992. This Court received the statement of facts on June 16, 1992. On June 24, 1992, Prentice filed a second motion for extension of time. In his motion and attached affidavit, Prentice again stated that he was counsel on appeal.

Appellant's brief was due to be filed on July 16, 1992. No brief was filed by that date. On July 31, 1992, this Court notified Prentice that an appellate brief had not been filed on the appellant's behalf and that if a motion to extend the time for filing the brief was not filed within ten days of receipt of the notice, the appeal would be abated for the trial

judge to determine the status of the cases. On August 31, 1992, this Court, having received no response from Prentice, abated the appeals and ordered the trial court to conduct a hearing to determine the status of the appeals.

On October 1, 1992, this Court received an order from the trial court and a statement of facts from the trial court's hearing. The trial court found that appellant's counsel, Walter Prentice, failed to appear for the hearing, that the trial court previously had attempted to contact Prentice by telephone, but to no avail, and that the trial court had no reason to believe that Prentice's absence was due to a failure to have received adequate notice of the scheduled hearing. Finally, the trial court determined that under the circumstances, it could not comply with our order to determine the status of the appeal.

On November 6, 1992, this Court ordered Prentice to appear in the courtroom of this Court at 9:00 A.M. on November 17, 1992, to explain why no appellate brief had been filed on his client's behalf.

On November 18, 1992, after the Court issued a capias for Prentice's arrest, the Court notified Prentice's office by telephone of its actions. Thereafter, an attorney who works in the same office area as Prentice, the Honorable Bennie Ray, contacted this Court and requested that the capias be withdrawn, for Prentice would voluntarily appear in this Court on a date and at a time convenient for the Court. The Court considered attorney Ray's request and ultimately scheduled a hearing for Monday, November 23, 1992. Prentice appeared for the hearing and explained why no brief had been filed as of that date. It was after hearing such explanation that the Court issued the above-referred-to order of November 23, 1992. As noted above, the Court ordered Prentice to file a brief on his client's behalf by December 18, 1992.

With this background, we reiterate what we have this day ordered: The Honorable Walter Prentice is hereby ordered to appear in the courtroom of this Court, on the tenth floor of the Nueces County Courthouse, 901 Leopard Street, Corpus Christi, Texas, on Thursday, January 21, 1993, at 9:00 a.m., to show cause why he should not be held in contempt of court and punished for his failure to comply with this Court's order of November 23, 1992, to file an appellate brief on behalf of his client.

The Clerk of this Court is ordered to serve a copy of this order on the Honorable Walter Prentice by certified mail and by personal service. The Clerk of this Court is further ordered to send a copy of this order to the appropriate grievance committee of the State Bar Association, Prentice's client, Ernesto Bautista, and the Honorable Bennie Ray.